```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW HAMPSHIRE
```

Brian J. Johnson

    v.                                   Civil No. 09-CV-282-JL
                                              Opinion No. 2009 DNH 194
General Dynamics Information
Technology, Inc.


**OPINION AND ORDER**

This case presents competing requests to transfer venue of a matter that, by virtue of a special statutory venue provision, should have been filed elsewhere.  Plaintiff Brian Johnson, an enlisted member of the United States Army Reserve, filed suit here against his former employer, General Dynamics Information Technology, Inc. ("General Dynamics"), alleging that the company failed to reinstate him to a comparable job after a brief period of military service.  He brought claims for breach of contract and violation of the Uniformed Services Employment & Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301 et seq., which prohibits employment discrimination on the basis of membership in the armed forces.

USERRA has a provision that limits venue to districts where the employer "maintains a place of business."  38 U.S.C. § 4323(c)(2).  General Dynamics, claiming it does not maintain a place of business in New Hampshire, has moved to dismiss the case

for improper venue or, in the alternative, to transfer venue to its home district, the Eastern District of Virginia.  See Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a) (improper venue statute). Johnson, a New Hampshire resident, opposes dismissal and instead asks to transfer venue to the nearby District of Massachusetts, where General Dynamics maintains a field office.

This court has jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1332(a)(1) (diversity).  After oral argument, General Dynamics's motion to dismiss is denied, and venue is transferred to the District of Massachusetts as requested by Johnson.  This court agrees that New Hampshire is an improper venue for Johnson's USERRA claim, but concludes that transferring the entire case to a proper venue would be more efficient than dismissing it or severing the USERRA claim from the contract claim.  Both of the alternative venues proposed by the parties would be proper.  On balance, however, the District of Massachusetts is more convenient and better positioned to serve the interest of justice.

## I. **Applicable legal standard**

When ruling on a defendant's motion to dismiss for improper venue, the court must treat all facts pled in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See, e.g., Adam v. Hensley, 2008 DNH 104, 2 (citing Home Ins. Co.

2

v. Thomas Indus., Inc., 896 F.2d 1352, 1355 (11th Cir. 1990)). Although it is the defendant's motion, the plaintiff has the burden of proving that its chosen venue is proper as to each claim.  See, e.g., Cordis Corp. v. Cardiac Pacemakers, 599 F.2d 1085, 1086-87 (1st Cir. 1979); Ferrofluidics Corp. v. Advanced Vacuum Components, Inc., 789 F. Supp. 1201, 1206 (D.N.H. 1992). If the plaintiff cannot do so, the court either "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Even if venue is proper as to some or all of the plaintiff's claims, the court nevertheless has discretion to transfer venue "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  The party seeking transfer has the burden of showing that it is in the interest of justice.  See, e.g., Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000).

## II.  **Background**

Johnson accepted a job with General Dynamics in April 2008 as a systems administrator based out of Georgia.  The job paid an annual salary of $85,000.  For the first year, however, the job required that Johnson be deployed to Iraq, where he could increase his salary to as much as $235,000 through hazard pay and overtime.

Shortly into the job, Johnson took time off to attend an Army Reserve re-enlistment ceremony on the Fourth of July. He notified his supervisor of the ceremony well in advance, but learned at the last minute that it would take longer than expected. As a result, Johnson received a reprimand for failing to provide proper notice. His supervisor also instructed another employee to monitor his conduct, which Johnson perceived as discrimination based on his military status.

In August 2008, Johnson learned that his Army Reserve unit would soon be called to active duty for training in Wisconsin. He immediately notified his supervisor, who requested clarification of Johnson's deployment status. Johnson explained that he was in a "non-deployable" status for two years, but was still required to report for periodic training. Again perceiving discrimination based on his military status, Johnson requested, before leaving Iraq, that he be transferred to a comparable job upon his return from Army Reserve training.

When the training ended in October 2008, General Dynamics informed Johnson that he could not return to his job in Iraq, which had since been filled by another employee. After months of negotiation, the company offered Johnson a replacement job in Virginia as a systems administrator with a base salary of $85,000 --without the additional hazard and overtime pay that he could have earned in Iraq. Johnson refused to accept the new job

because, in his view, it was not comparable to his higher-paying job in Iraq.  General Dynamics treated this refusal as a resignation.

Johnson then filed this suit against General Dynamics, alleging that the company breached his employment contract and violated USERRA by failing to reinstate him to a comparable job when he returned from his Army Reserve training.  General Dynamics responded by filing a motion to dismiss for improper venue or, in the alternative, to transfer venue to its home district, the Eastern District of Virginia.  Johnson, opposing dismissal, has requested that venue instead be transferred to the District of Massachusetts, where General Dynamics maintains a field office and which is nearer to New Hampshire, his home state.

**III.  Analysis**

**A.  *Is venue proper?***

The first question raised by General Dynamics's motion is whether New Hampshire is a proper venue for Johnson's claims. When a plaintiff sues a corporation in federal court, venue is ordinarily proper wherever the corporation has sufficient contacts to support personal jurisdiction, "except as otherwise provided by law."  See 28 U.S.C. § 1391.  In this case, the

applicable federal law--USERRA--provides otherwise, expressly limiting venue to "any district in which the private employer . . . maintains a place of business." 38 U.S.C. § 4323(c)(2). This exclusive venue provision trumps the general venue statute and therefore governs Johnson's USERRA claim. See, e.g., 17 James Wm. Moore et al., Moore's Federal Practice § 110.01[3][b] (3d ed. 2009) (citing Fourco Glass Co. v. Transmirra Prods. Corp., 353 U.S. 222, 228 (1957), Johnson v. Payless Drug Stores N.W., Inc., 950 F.2d 586, 587-88 (9th Cir. 1991), and Bolar v. Frank, 938 F.2d 377, 378-79 (2d Cir. 1991), all of which held that similar venue provisions in other federal laws trumped the general venue statute).

General Dynamics has represented to this court that it does not "maintain[] a place of business" in New Hampshire as required for venue under USERRA. The company currently has nine employees in New Hampshire, but eight of them work out of their homes and the other one works at the New Hampshire Department of Transportation. Neither the employees' homes nor the government office can fairly be regarded as a "place of business" maintained by General Dynamics, within the plain meaning of that term.[1] See Shufelt v. Abbott Labs., No. 5:05-CV-00026, 2005 WL 1653596 (W.D.

---

[1] See United States v. Fazal-Ur-Raheman-Fazal, 355 F.3d 40, 45-46 (1st Cir. 2004) (explaining as a "general rule[] of statutory interpretation" that "unless the statutory language is ambiguous, we generally are limited by its plain meaning").

Ky. Jul. 11, 2005) (holding that USERRA "precludes venue" in a district where the private employer only has sales representatives and district managers who work out of their homes).

Johnson notes that General Dynamics also has a registered agent and office in New Hampshire, as required for a foreign corporation to do business in the state.  See N.H. Rev. Stat. § 293-A:15.03(a)(5).  But General Dynamics uses a separate company, CT Corporation System, as its registered agent and office.  Both parties acknowledge that CT Corporation System is in the business of providing such services to many foreign corporations.[2]  Johnson has not shown, and General Dynamics denies, that the two companies have any operational connection.  Under New Hampshire law, a foreign corporation's registered office "may be the same as any of its places of business," N.H. Rev. Stat. § 293-A:15.07(1) (emphasis added), but it also may be simply the office of the company's registered agent, see id. § 293-A:15.07(2)(i).  Thus, the mere fact that General Dynamics has a registered agent and office in New Hampshire, standing alone,

---

[2]Interestingly, General Dynamics has introduced evidence that the defendant in Shufelt, 2005 WL 1653596, also used CT Corporation System as its registered agent in Kentucky. Nevertheless, the court deemed venue improper there under USERRA. Because the Shufelt opinion did not discuss the registered agent, however, this court does not rely on it for this part of the analysis.

is not enough to make that office a General Dynamics "place of business" under the USERRA venue provision. Because Johnson has not met his burden of showing that venue is proper,[3] see Cordis Corp., 599 F.2d at 1086-87, this court concludes that New Hampshire is an improper venue for his USERRA claim.

As to Johnson's other claim for breach of contract, neither party seems to dispute that New Hampshire is a proper venue under the general venue statute. See 28 U.S.C. § 1391. But they dispute whether the contract claim renders this court a so-called

---

[3]At oral argument, Johnson raised for the first time another potential theory of venue: that General Dynamics Advanced Information System ("GD-AIS") recently purchased a Nashua, New Hampshire company, Axsys Technologies, and therefore now maintains a place of business here. But GD-AIS is not the defendant in this case; General Dynamics Information Technology ("GD-IT") is. Both entities describe themselves as business units of General Dynamics Corporation. In briefing this motion, however, Johnson did not challenge the defendant's position that GD-IT was his "private employer" for purposes of the USERRA venue analysis. 38 U.S.C. § 4323(c)(2). This court generally will not consider theories raised for the first time at oral argument, out of fairness to adverse parties and the court. See Doe v. Friendfinder Network, Inc., 540 F. Supp. 2d 288, 309 n.19 (D.N.H. 2008).

Moreover, Johnson has not presented any evidence regarding the relationship between GD-IT and GD-AIS. The record therefore provides no basis from which to resolve the novel--and potentially complex--question of whether the two entities could be considered part of a single "private employer" for purposes of the USERRA provision. Cf., e.g., Torres-Negron v. Merck & Co., 488 F.3d 34, 40-42 (1st Cir. 2007) (identifying various factors to be considered in analyzing "whether two or more entities are a single employer" for purposes of Title VII employment discrimination claims, including common management, interrelation between operations, centralized control of labor relations, and common ownership). Johnson has not met his burden of showing that venue is proper on that basis.

"pendent venue" for the USERRA claim.  There is some authority for the proposition that pendent venue extends to claims for which venue is otherwise improper if those claims arise from the same factual nucleus as claims for which venue is proper.  See, e.g., 17 Moore, supra, § 110.05; 14D Charles Alan Wright et al., Federal Practice and Procedure § 3808, at 256 (3d ed. 2007).

Courts have been reluctant, however, to apply the pendent venue doctrine in cases like this one, where it would effectively override the limitations of a specific venue provision.  See, e.g., Sierra Club v. Johnson, 623 F. Supp. 2d 31, 37 (D.D.C. 2009); 14D Wright, supra, § 3808, at 259-60.  Some courts have flatly refused to do so, while others have done so only where the plaintiff's "primary" claim is the one for which venue is proper. See, e.g., Lengacher v. Reno, 75 F. Supp. 2d 515, 519 (E.D. Va. 1999) (discussing both approaches).  Johnson conceded at oral argument that his primary claim in this case is the USERRA claim, not the contract claim.  Thus, even under the approach more favorable to him, Johnson has not met his burden of showing that this court would be a proper "pendent venue" for his USERRA claim.

### B.  *Dismissal or transfer?*

Since New Hampshire is an improper venue for Johnson's USERRA claim, but a proper venue for his contract claim, this

9

court has a number of options.  As to the USERRA claim, the improper venue statute requires that it either be dismissed without prejudice or, "if it be in the interest of justice," transferred to a proper venue.  28 U.S.C. § 1406(a).  The contract claim could either be litigated separately here or else transferred, along with the USERRA claim, to another proper venue "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  This court has wide latitude in determining whether to transfer either or both of Johnson's claims.  See, e.g., Auto Eur., LLC v. Conn. Indem. Co., 321 F.3d 60, 64 (1st Cir. 2003); 17 Moore, supra, § 111.34[3].

   The Supreme Court has made clear that a venue transfer is ordinarily preferable to dismissal, both because it is more efficient and because it reduces the risk of undue prejudice to the plaintiff from having to file a new lawsuit.  See Johnson v. Ry. Exp. Agency, Inc., 421 U.S. 454, 466 n.12 (1975) (stating that § 1406(a) reflects an "express federal policy liberally allowing transfer of improper-venue cases"); Van Dusen v. Barrack, 376 U.S. 612, 634 (1964) ("both sections [1404(a) and 1406(a)] were broadly designed to allow transfer instead of dismissal"); Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962) ("§ 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue").  Dismissal is usually reserved for cases

where the plaintiff intentionally filed his claim in the wrong venue or for an improper purpose, or where transfer would be futile because no better venue exists. See, e.g., 17 Moore, supra, § 111.34[3]; 14D Wright, supra, § 3827, at 587-90.

Nothing in the record suggests that Johnson realized that New Hampshire would be an improper venue for his USERRA claim or filed suit here to harass General Dynamics. He appears simply to have made a good-faith mistake. Dismissing his USERRA claim under § 1406(a) and thereby severing it from his properly venued contract claim would be needlessly inefficient and prejudicial, resulting in parallel litigation of two heavily overlapping claims. As explained below, other venues exist that would be proper for both claims and serve the interest of justice. The possibility of consolidating both claims in a single proper venue weighs heavily in favor of transfer, rather than dismissal. Cf. Coady, 223 F.3d at 11 (explaining that the "possibility of consolidation" is an important factor in determining whether to transfer venue). General Dynamics' request for dismissal is thus denied. See, e.g., Lengacher, 75 F. Supp. 2d at 520 (explaining in a similar situation that "the most sensible and just result would be to transfer the entire matter" to a venue proper for all claims).

As an alternative to dismissal, General Dynamics requests that this court transfer venue to its home district, the Eastern District of Virginia.  Johnson opposes transfer there and instead requests transfer to the District of Massachusetts, where General Dynamics also maintains a place of business.  Either forum would be a proper venue for both of Johnson's claims.  See 28 U.S.C. § 1391(c); 38 U.S.C. § 4323(c)(2).  The question is which forum would be better positioned to further the interest of justice.  The key factors to consider in this analysis include the convenience of the parties, the convenience of witnesses, the availability of documents, the possibility of consolidation (as discussed above), and judicial economy.  See Auto Eur., 321 F.3d at 64; Coady, 223 F.3d at 11.

The factor that weighs most heavily in favor of a transfer to the District of Massachusetts is the convenience of the parties.  Both parties have a geographical proximity to that district:  General Dynamics maintains a field office in Massachusetts, and Johnson resides in neighboring New Hampshire.  See, e.g., 17 Moore, supra, § 111.13[1][e] (noting that party residence is an important consideration in the convenience analysis); 15 Wright, supra, § 3849, at 166 (same).  The same thing cannot be said for the Eastern District of Virginia, which is convenient for only one of the parties, General Dynamics.  Johnson has represented to this court that he has limited

resources--certainly as compared with General Dynamics--and that it would be a financial hardship for him to litigate the case in Virginia. See, e.g., 17 Moore, supra, § 111.13[1][e] (noting that the relative financial means of the parties is also a relevant consideration in the convenience analysis); 15 Wright, supra, § 3849, at 183-85 (same). Taking into account the convenience of both parties, this court therefore concludes that the District of Massachusetts strikes a much better balance than the Eastern District of Virginia.[4]

    The factor that weighs most heavily in favor of a transfer to the Eastern District of Virginia is the availability of documents. General Dynamics claims--without dispute from Johnson --that it stores many of the relevant personnel records at its Virginia headquarters. This factor, though, has become "a relatively less important consideration in the transfer convenience analysis, given the comparatively low cost of transporting documents" in electronic form. 17 Moore, supra, § 111.13[1][h]; see also 15 Wright, supra, § 3853, at 242 (stating

---

[4] Johnson also argues that the convenience of counsel weighs in favor of the District of Massachusetts, since his counsel is licensed to practice in Massachusetts and General Dynamics's counsel resides there. But this factor has little bearing on the analysis. See, e.g., Jackson Nat'l Life Ins. Co. v. Economou, 557 F. Supp. 2d 216, 222, 2008 DNH 094; 17 Moore, supra, § 111.13[1][e][iii]; 15 Wright, supra, § 3850, at 198-99 (noting that most courts will consider the convenience of counsel only to the extent that it creates financial burdens that impact the convenience of the parties).

that this factor now carries "little weight"). Moreover, to the extent that document production causes any serious inconvenience in this case, it is likely to result from documents being located in Iraq, not from any difference between litigating in Virginia or Massachusetts. The court therefore assigns little weight to this factor.

General Dynamics argues that another factor--witness convenience--also favors the Eastern District of Virginia because some of Johnson's former managers "sit" there and some of the relevant employment decisions were made there. But to the extent that these witnesses still work for General Dynamics, they would be likely to comply with a request that they testify in either forum. See, e.g., 15 Wright, supra, § 3851, at 217 & n.8 (citing Sousa v. TD Banknorth Ins. Agency, Inc., 429 F. Supp. 2d 454, 457 (D.N.H. 2006) (Barbadoro, D.J.)); 17 Moore, supra, § 111.13[1][f]. General Dynamics also emphasizes that it offered Johnson a replacement job based in Virginia. But Johnson never accepted that job or worked there. The operative events in this case occurred primarily in Iraq (and, to a lesser extent, Georgia). As a result, no matter where this case is litigated, witness convenience is likely to present a challenge, and some witnesses may be beyond the court's subpoena power. General Dynamics has not shown that the Eastern District of Virginia has

a strong advantage over the District of Massachusetts in this regard.

Having weighed all of the relevant factors, this court concludes that the District of Massachusetts is better positioned, on balance, to further the interest of justice in light of the particular circumstances of this case.  See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (explaining that motions to transfer venue require an "individualized, case-by-case consideration of convenience and fairness") (quoting Van Dusen, 376 U.S. at 622).  Johnson has shown, in particular, that the District of Massachusetts offers convenience to both parties, whereas the Eastern District of Virginia would be convenient only to General Dynamics--and severely inconvenient to Johnson.  Although party convenience is not necessarily "a controlling factor . . . if the convenience of witnesses and the interest of justice point strongly in a contrary direction," 15 Wright, supra, § 3849, at 170-71, General Dynamics has not shown that they do in this case.  This court therefore exercises its discretion to transfer venue to the District of Massachusetts.

**IV. <u>Conclusion</u>**

For the reasons set forth above, General Dynamics's motion[5] is DENIED, both as to the request for dismissal and the request to transfer venue to the Eastern District of Virginia. The court instead orders that this case be transferred to the District of Massachusetts, as requested by Johnson in his opposition to the defendant's motion.[6] The clerk shall transfer venue to that district and close the case here.

**SO ORDERED.**

_____
Joseph N. LaPlante
United States District Judge

Dated: December 18, 2009

cc:  Paul McEachern, Esq.
     Robert A. Shaines, Esq.
     Mark M. Whitney, Esq.
     Robert P. Joy, Esq.
     Sarah Mullen, Esq.

---

[5]Document no. 7.

[6]Document no. 9.